IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS HENDERSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0149-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Louis Henderson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was released to mandatory supervision after serving part of a 20-year sentence for burglary of a building. Thereafter, his supervision was revoked for an unspecified violation. By this action, petitioner seeks credit on his sentence for the time he spent on mandatory supervision and in an intermediate sanction facility ("ISF").

On March 5, 2007, the court sent a *Spears*[1] questionnaire to petitioner in order to determine whether this claim was raised in state court. Petitioner answered the questionnaire on March 22, 2007. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). Under Texas law, claims involving parole revocation hearings are cognizable in an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Levi v. Director, TDCJ-ID*, No. 1-06-CV-37, 2006 WL 2504783 at *2 (E.D. Tex. Aug. 29, 2006), *citing Bd. of Pardons and Paroles ex rel Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Before presenting a sentence credit claim to the Texas Court of Criminal Appeals in a habeas application, the prisoner must first seek administrative review of the claim pursuant to Tex. Gov't Code Ann. § 501.0081. *Id.* (citing Texas cases). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner has never sought administrative review of his sentence credit claim as required by Tex. Gov't Code Ann. § 501.0081. Nor has he presented this claim to the Texas Court of Criminal Appeals in an application for state post-conviction relief. (*See* Hab. Pet. at 5; *Spears* Quest. #3).[2] Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

---

[2] The court also takes judicial notice of the official website of Dallas County, Texas, which confirms that petitioner has not filed a state writ of habeas corpus after August 18, 2006--the date his mandatory supervision was revoked. *See* http://www.dallascounty.org/pars2/# (search for "Louis Henderson").

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE